IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elena Nesbitt,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-24-00177-TUC-JAS (LCK)<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff Elena Nesbitt filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security. (Doc. 1.) Before the Court are Plaintiff's Opening Brief, Defendant's Responsive Brief, and Plaintiff's Reply. (Docs. 16, 18, 19.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. Based on the pleadings and administrative record, the Magistrate Judge recommends the District Court, after its independent review, deny Plaintiff's appeal.

**FACTUAL AND PROCEDURAL HISTORY**

  Plaintiff filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in March 2020, alleging disability from February 1, 2013. (Administrative Record (AR) 236, 249.) She had past work as a correctional officer, at a call center, and as a server in a school cafeteria. (AR 278.) She was born in May 1981, making her 31 years of age at the alleged onset date of her disability. (AR 236.) Plaintiff's application was denied upon initial review (AR 131-48) and on reconsideration (AR 149-

72). A telephonic hearing was held on April 13, 2022. (AR 124-30.) Subsequently, the ALJ found, at Step Two, that Plaintiff was not disabled because she did not have a severe impairment. (AR 16-22.) The Appeals Council denied review of that decision. (AR 1.)

**STANDARD OF REVIEW**

The Commissioner employs a five-step sequential process to evaluate SSI and DIB claims. 20 C.F.R. §§ 404.1520; 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's Residual Functional Capacity (RFC) precludes her from performing her past work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson*

*v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

**DISCUSSION**

Plaintiff alleges the Court should issue a sentence six remand so the ALJ may consider new evidence. A remand pursuant to sentence six of 42 U.S.C § 405(g) does not involve the Court issuing a judgment on the administrative decision, "[t]he district court does not affirm, modify, or reverse the Secretary's decision."[1] *See Melkonyan v. Sullivan*, 501 U.S. 89, 98, 102 (1991) (noting that the district court retains jurisdiction and enters final judgment after the remand proceedings are complete). Instead, a sentence six remand is for the purpose of taking additional evidence and is available "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); s*ee also Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

After Plaintiff requested review by the Appeals Council, she submitted additional medical records to the council that reflected care received in July and August 2023, after the ALJ issued his decision. (AR 26-123.) The Appeals Council determined that the records from COPE did not relate to the period at issue in the ALJ's May 19, 2023, opinion and did not affect that decision. (AR 2.)

The additional records are from COPE and reflect that, in July 2023, Plaintiff sought mental health treatment as well as primary care. (AR 30, 53.) She reported that she was

---

[1] Plaintiff acknowledges that, at this time, she is not entitled to a judgement in her favor because she did not present evidence of disability and the ALJ's decision was not erroneous based on the record he reviewed. (Doc. 16 at 6; Doc. 19 at 3.) However, in contradiction of that position, she also argues the ALJ committed error by not further developing the record and questioning her in greater detail at the hearing. (Doc. 16 at 8.) Plaintiff clearly states that she is seeking only a sentence six remand (not a finding of error and judgment) (Doc. 19 at 3), therefore, the Court need not evaluate whether the ALJ erred.

- 3 -

experiencing trauma and depression because of domestic violence inflicted by her husband. (AR 36, 39.) Her husband was in jail at that time and her children were in the custody of DCS. (AR 39.) During her appointments at COPE, she often presented with a depressed and/or anxious mood, but her mental status exams otherwise were normal. (AR 37, 50, 56, 70, 80, 95, 104, 115, 116, 120.) She reported that she had experienced depression since childhood and her experiences with her husband had taken a toll on her physical and mental health. (AR 69, 76.) She reported that she began suffering from nightmares and flashbacks in July 2023. (AR 82.) She was diagnosed with major depressive disorder, recurrent and moderate, and anxiety disorder. (*Id.*) In August, she stated that medication had improved her anxiety although it was still present. (AR 108.) The records do not include any medical opinions that her mental impairments existed or were severe prior to July 2023.

With respect to physical impairments, the COPE records reflect that Plaintiff reported a history of fibromyalgia and endorsed multiple tender points indicative of fibromyalgia, but physical exams were otherwise normal (except for a finding of scoliosis). (AR 53, 56, 57, 88, 90-91.) In August, she informed her primary care doctor that she had begun taking Tylenol #3 for pain with good effect and needed it only one time per day. (AR 88.) She reported to COPE that she was seeking social security disability based solely on fibromyalgia and pain, not on mental health issues. (AR 39.)

Plaintiff requests remand to allow the ALJ to consider the COPE medical records and for her to provide additional testimony about her symptoms during the period of alleged disability. As an initial matter, it is unclear that the COPE records qualify as new evidence. They were submitted to the Appeals Council and made part of the record before this Court, which suggests they are not new evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012) (finding that "[s]ection 405(g) materiality is not at issue here because that standard applies only to new evidence that is not part of the administrative record and is presented in the first instance to the district court."). Additionally, Plaintiff's personal knowledge about her symptoms during the relevant time is not new. It was available and she could have provided that information at numerous

- 4 -

points in the agency process. Recognizing that neither Plaintiff's testimony nor the COPE records may qualify as "new," the Court conducts the remainder of the sentence six analysis by evaluating whether the additional evidence is material and whether Plaintiff has established good cause for not presenting it sooner.

As for good cause, counsel for Plaintiff suggests she did not seek treatment for her mental health earlier because she was a victim of domestic violence. However, counsel acknowledges that to be a general explanation, and she states that Plaintiff's specific reasons are not reflected in the records. (Doc. 16 at 10.) The records indicate that Plaintiff first sought mental health treatment after her husband was jailed (and her children removed from her custody). Choosing to seek treatment once free of domestic violence does not necessarily demonstrate that she could not have sought treatment earlier. Fear of disclosing domestic violence does not correlate directly to a person being unable to seek medical care for issues not arising from domestic violence.

Neither the records nor Plaintiff offer any explanation as to why a victim of domestic violence is prevented from seeking treatment for fibromyalgia and pain, the impairments that formed the basis of her application for social security. The limited records indicate that Plaintiff did seek and obtain pain medication regularly during her first two pregnancies and sporadically after that time. (AR 338.) Also, while living with her husband and pregnant with her third child, she reported a singular appointment with a pain specialist. (*Id.*) The Court finds Plaintiff has not established good cause for her failure to seek treatment, disclose medical records for the treatment she did seek, or provide testimony about her symptoms. *See Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (holding that a claimant must establish good cause for not seeking the medical examinations or opinions at an earlier time).

Next, the Court examines materiality. "New evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001), as amended (Nov. 9, 2001) (quoting *Booz*

*v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)). It is not evident that the COPE records bear directly and substantially on Plaintiff's ability to work between February 2013 and May 2023. Although Plaintiff reported that her mental health issues in July and August 2023 were caused by the domestic violence she had experienced in prior years, there is no evidence about when she began to experience those symptoms. She reported depression since childhood but that had not prevented her from working for a period of adulthood. Additionally, she reported an exacerbation of symptoms, flashbacks and nightmares, that began only in July 2023. The records do not document her symptoms prior to July 2023 and no medical source offered an opinion as to her diagnosis or functioning prior to that time. Therefore, Plaintiff has not established the COPE evidence bears directly and substantially on her disability claim.

Finally, Plaintiff has not established a reasonable possibility that the new evidence would have led to the ALJ reaching a different decision. The COPE records provide no information about her symptoms or functioning prior to May 2023, other than Plaintiff's report of a prior fibromyalgia diagnosis and depression since childhood. Additionally, once prescribed medication for pain, she reported that she did not need to take it as often as allowed and she was satisfied with the pain management. (AR 88.) As to mental health, Plaintiff's mental status exams were relatively normal, and she reported improvement in therapy in less than 60 days. (AR 108.) Plaintiff's psychiatric medication also led to improvement within the first month. There is not a reasonable possibility that, upon review of the COPE records, the ALJ would find that Plaintiff had met Step Two by establishing impairments that significantly limited her ability to perform basic work activities for twelve or more months. Additionally, Plaintiff has not provided a proffer as to the testimony she could offer upon remand. Therefore, the Court is unable to determine that additional testimony would bear directly and substantially on her claim or would have a reasonable possibility of changing the outcome. In sum, Plaintiff has not satisfied the good cause and materiality requirements for a sentence six remand.

**RECOMMENDATION**

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). The Court concludes that Plaintiff has not demonstrated the right to a sentence six remand, the only relief requested. Therefore, the Magistrate Judge recommends that the District Court deny Plaintiff's appeal.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within **ten (10) days** of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within **ten (10) days**. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-24-00177-TUC-JAS**.

Dated this 28th day of February, 2025.

Honorable Lynnette C. Kimmins
United States Magistrate Judge